UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:16-cv-05100-AG-KS                                                            Date: July 25, 2016

Title  *Jones  v. C.E. Ducart*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

Roxanne Horan-Walker
Deputy Clerk

Court Reporter / Recorder

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On July 12, 2016, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1.)  According to the Petition, Petitioner is serving an aggregate term of 42 years in state prison resulting from a December 31, 2013 conviction for robbery, assault with a firearm, and criminal threat. (Cal. Penal Code §§ 211, 245 (B) and 422 (A)).  (Pet. at 2.)  Petitioner appealed the conviction to the California Court of Appeal (case no. B253050), raising the "sole contention . . . that he was denied due process and the effective assistance of counsel as a result of the trial court's denial of his request for advisory counsel."  *People v. Jones-Bey*, 2014 Cal. App. Unpub. LEXIS 8239, \*1 (Cal. App. 2d Dist. Nov. 20, 2014).  The state appellate court affirmed the conviction on November 20, 2014. (*See id.;* http://appellatecases.courtinfo.ca.gov).  Subsequently, Petitioner filed a petition for review in the California Supreme Court raising the same claim (case no. S223673).  (http://appellatecases.courtinfo.ca.gov.)  The state supreme court summarily denied review on February 18, 2015.  *People v. Jones-Bey*, 2015 Cal. LEXIS 1074 (Cal. Feb. 18, 2015). Petitioner's conviction became final on May 19, 2015. Petitioner did not seek collateral relief in California courts.

The Petition asserts four claims, albeit under a single ground and arising from common facts.  Specifically, Petitioner alleges that (1) his Sixth Amendment right to effective counsel, (2) Fourteenth Amendment right to due process, (3) Fifth Amendment right to a fair trial, and (4) Sixth Amendment right to present a defense, were violated when the California superior court denied Petitioner's pre-trial motion for advisory counsel.  (Pet. at 5.)  Petitioner contends that after he successfully dismissed his court-appointed counsel, he filed a handwritten pre-trial motion to appoint advisory counsel, and the trial court erred when it "failed to exercise its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:16-cv-05100-AG-KS                                                                 Date: July 25, 2016

Title      *Jones  v. C.E. Ducart*

discretion, as it was required to when it denied petitioner's hand written motion," despite being "worried about petitioner's future." (Pet. Continued Facts at 3.) Petitioner attaches excerpts from the pre-trial transcript wherein the trial court expresses concern that "self-represented litigants almost never get a fair trial because they don't know how to defend themselves in court," but remarking that it was petitioner's choice to leave the "very, very skilled lawyer representing [Petitioner] at one point" nevertheless declines to appoint advisory counsel because Petitioner did "not have a right to advisory counsel as a matter of law." (RT at D-7-D-8 referencing *People v. Bigelow*, 37 Cal.3d 731, 742 (1984).) Petitioner alleges that, therefore, his right to effective counsel, due process, fair trial, and to present a defense under the Sixth, Fourteenth, Fifth and Sixth Amendments (respectively) were violated. (Pet. Continued Facts at 3.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. Here, the Petition suffers from defects that do not permit the claim alleged to proceed. First, the Petition appears untimely on its face. Second, to the extent that Petitioner seeks to raise constitutional claims that were not raised before the California Supreme Court, the Petition is subject to dismissal for lack of exhaustion.

### I. The Petition is Untimely

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. (MTD at 2-3); *Wall v. Kholi*, 562 U.S. 545, 550 (2011); *accord Lawrence v. Florida*, 549 U.S. 327, 329 (2007); 28 U.S.C. § 2244(d)(1). The limitations period is triggered and begins to run from the latest of:

> (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
> (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
> (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:16-cv-05100-AG-KS                                                          Date: July 25, 2016

Title   *Jones  v. C.E. Ducart*

28 U.S.C. § 2244(d)(1)(A)-(D).

Under Section 2244(d)(1)(A), Petitioner's conviction became final on May 19, 2015, *i.e*, 90 days after the California Supreme Court denied review. Petitioner does not allege, and the Court discerns no basis for finding, that Petitioner is entitled to a later tolling date based on Subsections B, C, or D. Accordingly, the limitations period under AEDPA expired on May 19, 2016. The instant Petition was filed on July 12, 2016, after the statutory limitations period expired. Absent some basis for tolling, the instant Petition is untimely.[1]

## II.   The Petition is Potentially "Mixed"

Even if the Petition was timely, it is potentially subject to dismissal for failure to exhaust two claims. Petitioner has not provided his state court filings. However, the Court has reviewed the dockets for the California Court of Appeal and California Supreme Court available electronically at http://appellatecases.courtinfo.ca.gov, as well as the text of the California Court of Appeal's unpublished opinion on direct appeal (available at *People v. Jones-Bey*, 2014 Cal. App. Unpub. LEXIS 8239, *1 (Cal. App. 2d Dist. Nov. 20, 2014)); and the Petition for Review to the California Supreme Court (available at *People v. Jones-Bey*, 2015 Cal. LEXIS 1074 (Cal. Feb. 18, 2015)). The Court's review indicates that Petitioner raised only his due process and ineffective assistance of counsel ("IAC") arguments and did not specifically allege violations of his right to a fair trial and to present a defense in state court. Therefore, to the extent the instant Petition purports to include those arguments as separate claims, those claims are unexhausted, and the Petition is "mixed." [2]

---

[1] AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244 (d)(2). Even where a petitioner is not entitled to statutory tolling under AEDPA, an otherwise untimely federal habeas petition may preserved due to the doctrine of equitable tolling. But a petitioner seeking equitable tolling has the burden of establishing two elements: (1) that he has been diligently pursuing his rights; and (2) "some extraordinary circumstance" prevented timely filing   *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also*, 28 U.S.C. § 2244(d) (1).

[2] Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:16-cv-05100-AG-KS                                                                                   Date: July 25, 2016

Title     *Jones  v. C.E. Ducart*

　　　　The Court also notes, however, that the two unexhausted issues are frequently raised in tandem with IAC and due process claims, and that *pro se* petitions are held to a more lenient standard than counseled petitions in the matter of exhaustion. *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003), *cert. denied*, 541 U.S. 956 (2004).  However, the Court cannot determine on the face of the Petition whether the alleged violations of a right to a fair trial and to present a defense are intended as a re-iteration of Petitioner's due process and IAC claims.  *See, e.g., Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004) (A habeas petitioner's allegations that an error deprived him of a 'fair trial' or the 'right to present a defense,' lacked the specificity necessary to fairly present a constitutional claim for purposes of exhaustion.)

　　　　In light of the foregoing, the Petition is subject to dismissal for untimeliness and a potential lack of exhaustion.  Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** why the Petition should not be dismissed for:  (1) untimeliness, and/or (2) lack of exhaustion.  To discharge this Order and avoid dismissal, Petitioner must, **on or before August 25, 2016**, file a First Amended Petition that establishes timeliness and exhaustion.

　　　　The First Amended Petition must include specific factual allegations demonstrating why the Petition is timely under 28 U.S.C. 2244(d)(1); indicate whether or not he contends he is entitled to equitable tolling, including identifying any extraordinary circumstances beyond his control that made it impossible for him to commence this action within the required time, *see, e.g.*, *Lakey v. Hickman*, 633 F.3d 782, 787 (9th Cir. 2011); or provide evidence, such as declarations signed under penalty of perjury, supporting his factual contentions if he contends that he is entitled to overcome the statute of limitations on the basis of actual evidence.  The First Amended Petition must also clarify the specific grounds for seeking federal habeas relief, indicate whether each of those grounds was raised in state courts, and, if possible, attach his state court briefing.

　　　　**Petitioner's failure to timely show cause for proceeding with this action may result in the Court recommending dismissal pursuant to Local Rule 41-1 and Rule 41 of the Federal Rules of Civil Procedure.**

---

supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).  A Section 2254 habeas petition that contains both exhausted and unexhausted claims is considered to be "mixed."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:16-cv-05100-AG-KS                                                                 Date: July 25, 2016

Title      *Jones  v. C.E. Ducart*

    If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Rule 41(a)(1) of the Federal Rules of Civil Procedure.

 

|  | : |
|---:|:---|
| **Initials of Preparer** | rh |